UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JOSEPH D. SIMPSON,

    Plaintiff,

v.                                                                                  Case No. 12-cv-2275

ANTHEM CAREER COLLEGE,

**JURY DEMANDED**

    Defendant.

---

## COMPLAINT
---

Plaintiff Joseph D. Simpson ("Plaintiff"), through his attorneys, brings this action against Defendant Anthem Career College for retaliatory discharge under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), Family and Medical Leave Act of 1993 ("FMLA"), as codified at 29 U.S.C. §§ 2601 *et seq*, 42 U.S.C. § 1981, the Tennessee Human Rights Act, and Tennessee common law.

## I. JURISDICTION

1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 29 U.S.C. § 2617(a)(2).

2.    This Court has jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as these claims form part of the same case or controversy as Plaintiff's FLSA and FMLA claims.

## II. FACTS

### A. Parties

3.    Plaintiff Joseph D. Simpson is an adult resident of Memphis, Tennessee. Until his

termination, Plaintiff served as Dean of Education for Anthem Career College – Memphis.

4. Defendant Anthem Career College ("Defendant") is a for-profit corporation formed and organized under Arizona state law and currently conducting business as a for-profit education institution at 5865 Shelby Oaks Circle, Suite 100, Memphis, TN 38134.

5. At all relevant times herein, Defendant was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r). Anthem Career College provides post-secondary educational opportunities on-site and online for students within and outside of the borders of the state of Tennessee and has annual business done of not less than $500,000. Further, Anthem employs more than fifty (50) persons at its Memphis location and has done so for more than the past twelve months.

### B. Factual Allegations

6. In August of 2011, Plaintiff was hired on an at-will basis by Defendant to serve as its Dean of Education for the Memphis campus located at 5865 Shelby Oaks Circle, Suite 100, Memphis, TN 38134. Plaintiff began his employment with Defendants on or about August 23, 2011.

7. During the first several months of his employment, Plaintiff was repeatedly praised for the quality of his work. In October of 2011, Campus President Brenda Nash and the Defendant's Regional Vice President Michelle Bonocore met with Plaintiff and complimented him on the positive changes that he had effected already in his brief tenure. Moreover, Ms. Nash indicated that she was including Plaintiff in a succession plan to become campus president.

8. Over the next several months, Plaintiff began to have concerns about the legality of some of the actions of Ms. Nash. Specifically, Ms. Nash was only offering fulltime employment opportunities to white candidates and not to African-American candidates. Ms. Nash also repeatedly blocked Plaintiff's attempts to hire a fully qualified African-American registrar while pushing forward white candidates who were less qualified.

9. Plaintiff further became aware that Ms. Nash made adjustments to the time of nonexempt employees in an effort to limit their overtime compensation and Ms. Nash unlawfully influenced a nonexempt employee to work off-the-clock thereby depriving this employee of overtime in violation of federal law.

10. Plaintiff also became aware that Ms. Nash had permitted unauthorized and untrained persons to handle student files in the registrar's office and in doing so violated the Family Education Right and Privacy Act ("FERPA") and Tennessee's higher education regulations.

11. As a result of these repeated illegal activities, Plaintiff wrote a formal complaint on March 9, 2012 to James Vernon (Defendant's Vice-President/Provost/Chief Academic Officer), Dr. Sheryl Moody (Defendant's Vice-President/General Counsel), and Diane Filmore (Defendant's Vice-President-Human Resources) detailing his complaints of Ms. Nash's illegal activities, i.e. discriminating on the basis of race in hiring, prohibiting and interfering with workers receiving earned overtime compensation, having unauthorized and untrained workers handle and have access to student records.

12. Thereafter, Ms. Nash became openly hostile to Plaintiff and began to micro-manage Plaintiff's work. Ms. Nash was also unjustifiably hyper-critical of Plaintiff's work and attempted to embarrass and humiliate him by publicly criticizing him in front of his peers.

13. On the morning of March 28, 2012, Plaintiff's attorney wrote a letter requesting that Defendant put a stop to Ms. Nash's retaliatory action. This letter was emailed to Defendant's Vice-President/General Counsel at 9:10 a.m CST (Ex. A attached to Complaint). At approximately 1:00 p.m. CST, Plaintiff was informed that he was terminated and was given no reason for his termination.

14. Defendant's hostile treatment of Plaintiff after his March 9, 2012 complaints, including but not limited to his termination from employment, were taken directly in retaliation for Plaintiff's complaints of racial discrimination, wage and hour violations, FMLA violations, and unauthorized access to student records.

### III. CAUSES OF ACTION

15. Plaintiff incorporates the foregoing paragraphs as though specifically set forth herein, and alleges that:

16. Defendant's actions constitute unlawful retaliation in violation of the Fair Labor Standards Act;

17. Defendant's actions constitute unlawful retaliation in violation of the Family and Medical Leave Act;

18. Defendant's actions constitute unlawful retaliation in violation of 42 U.S.C. § 1981;

19. Defendant's actions constitute unlawful retaliation in violation of the Tennessee Human Rights Act;

20. Defendant's actions constitute unlawful retaliation in violation of the Tennessee common law prohibition against retaliatory discharge;

21. As a direct and proximate result of Defendant's unlawful retaliatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and has sustained other pecuniary loss. Plaintiff, as a result of Defendant's actions, has suffered damage to his professional career and professional reputation, as well as to their personal reputation.  Defendant's retaliatory actions have been demeaning to Plaintiff and has caused him to suffer pain, humiliation, and embarrassment, as well as emotional distress; and

22. Defendant's unlawful actions complained of above were intentional, malicious, and taken in reckless disregard to the statutory rights of Plaintiff.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the following relief be granted following a jury verdict in his favor:

23. Back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

24. Front pay and the value of future lost benefits since reinstatement is not feasible;

25. Judgment against Defendant that its violations of the FLSA were willful;

26. Liquidated damages in an amount equal to Plaintiff's back pay and lost benefits;

27. Compensatory damages against Defendant in an amount to be determined by the jury;

28. Punitive damages against Defendant in an amount to be determined by the jury;

29. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorneys' fees allowed under actions brought pursuant to 29 U.S.C. § 201 *et seq.*, 29 U.S.C. §§ 2601 *et seq.,* 42 U.S.C. § 1988, and the Tennessee Human Rights Act;

30. Such further relief as is deemed just and proper.

Respectfully submitted,

/s/Bryce W. Ashby
Donald A. Donati – TN Bar #8633
William B. Ryan – TN Bar #20269
Bryce W. Ashby – TN Bar #26179
DONATI LAW FIRM, LLP
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
bryce@donatilawfirm.com
ATTORNEYS FOR PLAINTIFF